NUMBER 13-05-00312-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


A.W.,                                                                                                  Appellant,

 

                                                             v.

 

K.R.,                                                                                                    Appellee.

                                                                                                                       


     On appeal from the 94th District Court of Nueces County,
Texas.

                                                                     
                                                  

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








This is an appeal from the trial court=s judgment terminating the parent-child relationship
between appellant, A.W., and his daughter, Z.R. 
In six issues, appellant contends (1) the evidence is legally and
factually insufficient to support the trial court=s
judgment of termination, (2) the trial court erred in denying appellant the
opportunity to prove ineffective assistance of counsel, (3) the trial court
erred in denying reasonable visitation periods, and (4) the trial court erred
in terminating visitation between appellant and Z.R.  We reverse the trial court=s judgment, render in part, and remand in part.

                                                   A.  Factual
Background

Appellant and appellee, K.R., are the natural
parents of Z.R., who was born on September 5, 2001.  Appellant and appellee dated for
approximately five years.  Appellee moved
to the Houston area while appellant remained in Corpus Christi.  When appellee discovered that she was
pregnant, she telephoned appellant and told him of the pregnancy.

Appellant questioned the paternity of the child
because appellee had previously claimed appellant was the father of another
child, and he paid for the medical expenses. 
However, after the birth of that child, appellee informed appellant that
he was not the father.

Nonetheless, in April 2001, appellant traveled to
the Houston area, where appellee was then residing, to see her.  When appellee discovered that appellant was
living with another woman in Corpus Christi, she demanded that he leave and
told him that she never wanted to see him again.  Appellant left and did not return to Houston
until the birth of Z.R. in September 2001. 
He did, however, send appellee a Mother=s Day
card while she was pregnant.

Upon the birth of Z.R., appellant sent flowers to
appellee, congratulating her on the birth of Aour
child.@  He then
traveled to appellee=s residence in Houston, and once again was ordered to leave or the police would be summoned.








Appellee filed suit to terminate appellant=s parent-child relationship with Z.R. on
August 5, 2002.  Appellant filed a
counterclaim requesting paternity testing to establish parentage, and if
determined that he was the father of Z.R., that orders of conservatorship and
child support be established.  

DNA testing confirmed appellant was the
father of Z.R., and on January 9, 2003, temporary orders were signed declaring
appellant to be the father of Z.R., granting him possession of Z.R., and
ordering him to pay child support for the child.

Following a jury trial on appellee=s petition for termination, the jury found
by clear and convincing evidence that appellant Avoluntarily, and with knowledge of the
pregnancy, abandoned the child=s mother beginning at a time during her
pregnancy with the child and continuing through the birth, failed to provide
adequate support or medical care for the mother during the period of
abandonment before the birth of the child, and remained apart from the child or
failed to support the child since the birth,@ and that Atermination of the parent-child relationship
between [appellant] and the child . . . is in the best interest of the child.@  See
Tex. Fam. Code Ann. ' 161.001(1)(H), (2) (Vernon 2002).  In conformity with the jury=s verdict, the trial court terminated
appellant=s parental rights.

B.  Sufficiency of the Evidence

In his first and second issues, appellant
contends the evidence is legally and factually insufficient to support the jury=s finding on the issue of abandonment.  Thus, appellant argues, the trial court erred
in signing a judgment terminating his parental rights.

To terminate parental rights, the fact
finder must find by clear and convincing evidence that (1) the parent has
committed an act prohibited by section 161.001(1) of the Texas Family Code and
(2) termination is in the best interest of the child.  Tex.
Fam. Code Ann. ' 161.001(1)‑(2) (Vernon 2002).








In conducting a legal sufficiency review in
a parental-termination case:

 

[A] court should look at all the evidence in
the light most favorable to the finding to determine whether a reasonable trier
of fact could have formed a firm belief or conviction that its finding was
true.  To give appropriate deference to
the fact finder's conclusions and the role of a court conducting a legal
sufficiency review, looking at the evidence in the light most favorable to the
judgment means that a reviewing court must assume that the fact finder resolved
disputed facts in favor of its finding if a reasonable fact finder could do
so.  A corollary to this requirement is
that a court should disregard all evidence that a reasonable fact finder could
have disbelieved or found to have been incredible.  This does not mean that a court must
disregard all evidence that does not support the finding.  Disregarding undisputed facts that do not
support the finding could skew the analysis of whether there is clear and
convincing evidence.

 

In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  Therefore, in conducting a legal sufficiency
review in a parental-termination case, we must consider all of the evidence,
not just that which favors the verdict.  In
the Interest of J.P.B., 180 S.W.3d 570, 573 (Tex. 2005); see City of
Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005).   A legal sufficiency challenge may be
sustained when (1) the record discloses a complete absence of evidence of a
vital fact, (2) the court is barred by the rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a mere scintilla, or (4)
the evidence conclusively establishes the opposite of a vital fact.  In re D.J.J., 178 S.W.3d 424, 428
(Tex. App.BFort Worth 2005, no pet.). 

Abandonment by a parent is the intentional
relinquishment of a known right B it must be voluntary, absolute, and must
amount to total desertion.  Lashbrook
v. Altum, 391 S.W.2d 549, 552 (Tex. Civ. App.BAustin 1965, no writ).  Appellant asserts there is no evidence in the
record that he voluntarily and intentionally abandoned Z.R. and her mother.








Appellant testified that when appellee
informed him of the pregnancy, he questioned whether he was the father because
appellee had previously told him that he was the father of another child; he
paid the expenses for the birth of that child, only to find out after the child=s birth that he was not the father.  Appellant told appellee that because she had
already lied to him about the other child, he wanted a paternity test, and appellee
responded that she would be willing to cooperate.

Appellant testified that at one point during
appellee=s pregnancy, she ordered him to leave her
residence or she would call the police. 
He stayed away until the birth of Z.R., when he again attempted to visit
appellee; again he was told by appellee to leave or the police would be
summoned.   After this incident, he felt
it was in his best interest to utilize the legal system to get access to the
child and establish child support.  He
testified that he filed proceedings through the Texas Attorney General=s office in Nueces County in October 2001,
but the case was transferred to Harris County, where the child was residing.

Appellant received notification of appellee=s petition to terminate when he read it in
the newspaper.  He testified that he then
retained counsel to file a counterclaim to determine if he was the father and,
if so, that he wanted to be involved in his child=s life.

Appellant=s testimony regarding the above facts was
uncontroverted.  In fact, appellee
admitted that she told appellant to leave her alone and that she never wanted
to see him again.  Appellee testified
that she discovered he was living with another woman in Corpus Christi, and AI wasn=t going to be pregnant with his child up
there [in Houston] when he was living with somebody else here [in Corpus
Christi].@








Because section 161.001(1)(H) of the family
code is written in the conjunctive, the jury was required to find by clear and
convincing evidence that appellant did all of the following:  (1) voluntarily, and with knowledge of the
pregnancy, abandoned the mother of the child beginning at a time during her
pregnancy with the child and continuing through birth, (2) failed to provide
adequate support or medical care for the mother during the period of
abandonment before the birth of the child, and (3) remained apart from the
child or failed to support the child since the birth.  See Tex.
Fam. Code Ann. ' 161.001(1)(H) (Vernon 2002).  In addition, the jury was required to find by
clear and convincing evidence that termination of the parent-child relationship
was in the best interest of the child.  See
Tex. Fam. Code Ann. ' 161.001(2) (Vernon 2002). 

The evidence in the record shows (1) that
appellee told appellant to leave her alone, (2) that she never wanted to see
him again, and (3) if he returned, she would call the police.  The evidence conclusively establishes that
appellant did not voluntarily abandon appellee during her pregnancy.  Because there is no evidence of voluntary
abandonment, we hold the evidence is legally insufficient to support the jury=s finding of voluntary abandonment.  Accordingly, appellant=s first and second issues are sustained.

C.  Temporary Orders

In his fifth and sixth issues, appellant
complains the trial court erred by not allowing reasonable visitation periods
and by terminating visitation.  However,
the orders appellant complains of were temporary orders, and temporary orders
are superceded by the entry of a final judgment and cease to be valid
subsisting orders.  See Rafferty v.
Finstad, 903 S.W.2d 374, 378 (Tex. App.BHouston [1st Dist.] 1995, writ denied).  Because the temporary orders appellant
complains of are no longer valid, we need not address appellant=s fifth and sixth issues.

                                                         D.  Remaining
Issues

In light of our disposition of the above-discussed issues, it is not necessary to address appellant=s third and fourth issues.  See Tex.
R. App. P. 47.1.








                                                              E.  Conclusion

We reverse the trial court=s judgment terminating the parent-child
relationship between appellant and Z.R. and render judgment that appellee take
nothing by her suit.  We remand the case
to the trial court for consideration of appellant=s counterclaim for conservatorship and child
support.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed

this
the 20th day of July, 2006.